# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ELLIE E. SHUBARGO, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-04-008-KEW
 )
JO ANNE B. BARNHART, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #25). Plaintiff seeks an award of $13,546.30 for his counsel as a result of the successful reversal and remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). Defendant objects to the fee requested, asserting the request is untimely. Alternatively, Defendant contends its position in this litigation was substantially justified. Additionally, should this Court award fees, Defendant asserts the amount requested is excessive, thereby warranting a reduction.

The Equal Access to Justice Act ("EAJA") provides for an award of attorney's fees and costs "to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). EAJA represents a waiver of the United States' sovereign immunity and must be strictly construed. Ruckelshaus v.

Sierra Club, 463 U.S. 680, 685 (1983); United States v. Charles Gyurman Land & Cattle Co., 836 F.2d 480, 483 (10th Cir. 1987). To that end, EAJA contains a limited window within which the prevailing party must submit an application. Specifically, EAJA provides, in relevant part, that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B). A timely application is, therefore, a jurisdictional prerequisite. United States v. 819.98 Acres of Land, 78 F.3d 1468, 1470 n. 1 (10th Cir. 1996); United States v. 27.09 Acres of Land, 1 F.3d 107, 111 (2d Cir. 1993).

The next consideration in the timeliness analysis requires the designation of the event which triggers the requirement for filing. A "final judgment in the action" is "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." Goatcher v. Chater, 57 F.3d 980, 981 (10th Cir. 1995) citing Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). The judgment is made effective when it has been entered on a separate document in compliance with Fed.R.Civ.P. 58. Id. citing Shalala v. Schaefer, 509 U.S. 292, 302-303 (1993). "The 30-day EAJA clock begins to run after the time to appeal that [effective] 'final judgment' has expired." Id. quoting Melkonyan, 501 U.S. at 96. In the event of a decision on appeal from a circuit court, the thirty day limitations period commences upon the expiration of the ninety day period to petition the United States Supreme Court for

certiorari.  Singleton v. Apfel, 231 F.3d 853, 855 n.4 (11th Cir. 2000); FEC v. Political Contributions Data, Inc., 995 F.2d 383, 385-86 (2nd Cir. 1993).

In this case, the Tenth Circuit Court of Appeals issued its Order and Judgment remanding this case to Defendant for further proceedings on December 13, 2005.  The non-prevailing party was required to seek certiorari by March 13, 2006.  Since no petition for certiorari was filed, Plaintiff, as the prevailing party, was required to file the subject application seeking EAJA fees by April 12, 2006.  Plaintiff did not file her application until July 24, 2006, nearly ninety days after the expiration of the time by which to file it.  As such, the window shut upon the limited waiver of sovereign immunity provided by EAJA, precluding Plaintiff from seeking fees associated with prevailing on his Complaint in this case.  Plaintiff's request is untimely and must be denied.  Given this determination, this Court need not address the remaining arguments concerning the merits of the fee request.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #25) is hereby **DENIED** as untimely.

IT IS SO ORDERED this 15th day of November, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE